**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

BEN D.,[1]

                                    Plaintiff,                          5:15-cv-01114 (BKS/CFH)

v.

ANDREW SAUL, Commissioner of Social Security,

                                    Defendant.

_____

**Appearances:**

_For Plaintiff:_
Steven R. Dolson
The Law Offices of Steven R. Dolson, PLLC
126 N. Salina Street, Suite 3B
Syracuse, NY 13202

_For Defendant:_
Grant C. Jacquith
United States Attorney
Heather Sertial
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

        Before the Court is Plaintiff's motion for attorney's fees under the Social Security Act,

42 U.S.C. §§ 406(b) and 1383(d)(2). (Dkt. No. 15). Defendant has responded to the motion.

(Dkt. No. 20). For the reasons below, the motion is granted.

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

I.      **BACKGROUND**

Plaintiff applied for disability benefits on March 30, 2012, alleging that he had been disabled since January 1, 2005. (Dkt. No. 15-1, ¶ 6; Dkt. No. 15-3, at 7). After the Social Security Administration denied Plaintiff's application, (Dkt. No. 15-1, ¶ 6), Plaintiff appealed, and on April 24, 2014, an Administrative Law Judge ("ALJ") denied his claim. (Dkt. No. 15-1, ¶ 7). On August 14, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's determination, (*id.* ¶ 8), and Plaintiff commenced the instant litigation. (Dkt. No. 1). On January 6, 2016, in accord with the parties' Stipulation, the Court entered an Order pursuant to sentence six of 42 U.S.C. § 405(g) remanding this matter with instructions that the Appeals Council return the case to an ALJ for a de novo hearing. (Dkt. No. 7; Dkt. No. 8, at 1). The Court retained jurisdiction and did not enter judgment. (Dkt. No. 8, at 1–2).

On October 6, 2017, an ALJ again denied Plaintiff's claim. (Dkt. No. 15-1, ¶ 11). Plaintiff requested review and on April 2, 2019, the Appeals Council remanded the matter for further review by an ALJ. (*Id.* ¶¶ 12–13). On May 24, 2019, an ALJ issued a fully favorable decision finding Plaintiff disabled since January 1, 2015. (*Id.* ¶ 13).

On June 19, 2019, the Social Security Administration issued a notice of award to Plaintiff, indicating that his "first check" was for $81,099.00 in past-due benefits. (Dkt. No. 15-3, at 12). The notice further indicated that the Social Security Administration withheld $26,691.00 "of past due benefits in case [it] need[ed] to pay [Plaintiff's] representative." (*Id.* at 13).

On February 10, 2020, the Court entered Judgment in Plaintiff's favor in accordance with the parties' stipulation. (Dkt. Nos. 11, 12).

On February 13, 2020, Plaintiff moved for attorney fees in the sum of $9,981.00 under 42 U.S.C. § 406(b).[2] (Dkt. No. 15).

Steven Dolson represents Plaintiff on a contingency-fee basis whereby Plaintiff agreed to pay 25% of any past-due benefits awarded. (Dkt. No. 15-3, at 18). Mr. Dolson indicates that he has spent a total of 27.3 hours representing Plaintiff in this matter at the federal district court level, (Dkt. No. 15-1, at 3–5), and now seeks $9,981.00 in attorney's fees under 42 U.S.C. § 406(b), reflecting an hourly rate of $365.60, (Dkt. No. 15-2, at 2; Dkt. No. 15-1, at 6).

## II.    APPLICABLE LAW

Section 206(b)(1)(A) of the Social Security Act provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has explained that, "[m]ost plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

---

[2] On February 24, 2020, the parties filed a stipulation for attorney fees in the amount of $5,000.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 17). The Court "So Ordered" the stipulation on March 12, 2020. (Dkt. No. 21). The Court must still resolve Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b), because there is a difference between attorney's fees awarded under § 406(b) and the EAJA: "EAJA fees are paid by the government to the litigant to defray the cost of legal services whereas the SSA fees [under § 406(b)] are paid by the litigant to the attorney from the past-due benefits awarded." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988). Indeed, "[a]n attorney for a prevailing claimant may seek both SSA and EAJA fees and, in the event he succeeds, must give the smaller of the awards to the claimant." *Gallo v. Astrue*, No. 10-cv-1918, 2011 WL 5409619, at *2, 2011 U.S. Dist. LEXIS 129098, at *5 (E.D.N.Y. Nov. 8, 2011) (citing *Wells*, 855 F.2d at 42).

## III.    DISCUSSION[3]

"[T]he district court's determination of a reasonable fee under § 406(b) must begin with the [contingency fee] agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). To determine whether such fees are unreasonable, courts consider "1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the 'benefits awarded are large in comparison to the amount of time counsel spent on the case,' the so-called 'windfall' factor." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

The fee agreement in this case states that the "attorney fee will be 1/4 (25 percent) of the past due benefits" awarded. (Dkt. No. 15-3, at 18). There is no suggestion that the fee requested is out of line with the character of the representation or the results Mr. Dolson achieved, nor is there any suggestion that he delayed or attempted to delay resolution of this litigation. Accordingly, the Court must determine whether an award of the attorney's fees requested would amount to a windfall for Mr. Dolson. To make this determination, courts have considered

---

[3] In their submissions, the parties address the timeliness of Plaintiff's motion for attorney's fees under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019). (Dkt. No. 15-2, at 4–5; Dkt. No. 20, at 2–3). In *Sinkler*, the Second Circuit resolved the "practical problem" of filing an attorney's fees motion "no later than 14 days after the entry of judgment," as required by Federal Rule of Civil Procedure 54, following a "sentence four" remand. 932 F.3d at 87; *see also id.* at 87–88 (explaining that a sentence four remand is "a final and appealable judgment" and thus subject to Rule 54's fourteen-day deadline for attorney's fees applications). Here, however, the Court remanded this matter under *sentence six* of 42 U.S.C. § 406(b), retained jurisdiction, and did not enter judgment. (Dkt. No. 8). Indeed, because a sentence six remand is "interlocutory and non-appealable," *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999), it does not trigger Rule 54's fourteen-day deadline. *Sinkler* is therefore inapposite. Further, on February 10, 2020, following remand, and upon the parties' stipulation, the Court entered Judgment in Plaintiff's favor. (Dkt. Nos. 11, 12). Plaintiff filed his motion for attorney's fees three days later, on February 13, 2020, (Dkt. No. 13), well within Rule 54's fourteen-day deadline. Fed. R. Civ. P. 54(d)(2)(B)(i). The motion is, therefore, timely.

whether 1) "the attorney's efforts were particularly successful for the plaintiff," 2) "there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research," and 3) "the case was handled efficiently due to the attorney's experience in handling social security cases." *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007)). In applying this third factor, the Court must "keep in mind that contingency-fee arrangements are an important incentive for counsel to take on cases that might not be sure winners" and that "a reduction in the agreed-upon contingency amount should not be made lightly." *Torres v. Colvin*, No. 11-cv-5309, 2014 WL 909765, at *3, 2014 U.S. Dist. LEXIS 29239, at *7 (S.D.N.Y. Feb. 6, 2014) (citations omitted), *report and recommendation adopted by* 2014 WL 909765, 2014 U.S. Dist. LEXIS 29196 (S.D.N.Y. Mar. 6, 2014).

Here, there is no dispute that Mr. Dolson secured a favorable result for Plaintiff. He achieved remand to the administrative level, which ultimately resulted in an award of $81,099.00 in past-due benefits to Plaintiff, in addition to monthly benefits of $1,026.00. (Dkt. No. 15-3, at 12). His submissions to the Court have not been boilerplate recitations of law, and include a brief containing appropriately researched arguments cogently tailored to the facts of Plaintiff's case. (*See* Dkt. No. 15-2). Further, as Mr. Dolson points out, he has represented more than one hundred plaintiffs in similar cases before this Court. (Dkt. No. 15-1, ¶ 5). Having reviewed Mr. Dolson's itemization of time he spent on this case, the Court finds that his experience representing Social Security claimants likely contributed to the efficiency with which he handled this case and that it would have required more time from an inexperienced attorney.[4]

---

[4] The record indicates that Plaintiff's counsel ably represented Plaintiff at the administrative level. While "[a] court may award a fee only for work performed before it, . . . the work performed by the attorney at the agency-level is

Finally, considering the quality and efficiency of the work by Plaintiff's counsel the effective hourly rate of the fees requested here ($365.60) is in line with the corresponding hourly rate of attorney's fees approved by district courts within the Second Circuit. *See Theresa I. v. Saul*, No. 17-cv-1317, 2020 WL 1526895, at *2, 2020 U.S. Dist. LEXIS 54666, at *4 (N.D.N.Y. Mar. 30, 2020) (approving hourly rate of $438.28); *Teri L. v. Comm'r of Soc. Sec.*, No. 18-cv-560, 2020 WL 777213, at *2, 2020 U.S. Dist. LEXIS 26920, at *4–5 (N.D.N.Y. Feb. 18, 2020) (approving hourly rate of $486.93).

Accordingly, Plaintiff's counsel is awarded $9,981.00 and is directed to refund to Plaintiff the amount of his EAJA award, $5,000.00, promptly upon receiving payment from the Social Security Administration. *See Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018).

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b)(1) (Dkt. No. 15) is **GRANTED** in the amount of $9,981.00; and it is further

**ORDERED** that, upon receipt of the $9,981.00 in attorney's fees, Plaintiff's counsel is directed to refund Plaintiff the EAJA fee award of $5,000.00.

**IT IS SO ORDERED.**

Dated: April 22, 2020
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

relevant insofar as it assists the court in understanding the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Schiebel v. Colvin*, No. 14-cv-00739, 2016 WL 7338410, at *2, 2016 U.S. Dist. LEXIS 174833, at *5 (N.D.N.Y. Dec. 19, 2016) (internal quotation marks omitted).